70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl HARMON, Plaintiff-Appellant,
v.
Billy PICKERING, et al., Defendants-Appellees.
 No. 94-3033.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 14, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Carl Harmon was confined to segregation and stripped of a year's good time credits after a prison disciplinary panel concluded that he had ordered a fellow gang member to attack an employee of the prison. Harmon seeks damages under 42 U.S.C. Sec. 1983 from everyone involved. Presiding by consent of the parties, a magistrate judge dismissed part of the complaint and granted summary judgment on the rest.
 
 
 2
 The deprivation of good time credits distinguishes this case from Sandin v. Conner, 115 S.Ct. 2293 (1995), so the due process clause required the state to supply the procedures identified by Wolff v. McDonnell, 418 U.S. 539 (1974). The magistrate judge's opinion canvasses the facts and concludes that Harmon received all of the process due him. We see no need to add to that assessment.
 
 
 3
 Harmon's argument based on the eighth amendment requires some additional analysis, however. The district court dismissed this claim under Rule 12(b)(6), so we must determine whether the complaint states a claim on which relief may be granted. According to the complaint, the prison put Harmon in segregation pending his hearing. The special control cell used for this purpose was small (five by nine feet) and had a solid door with a small slot for food. Harmon alleges that he received only cold food, that dirty stagnant water accumulated on the floor, that the bedding and linen were dirty, that he lacked reading materials and some personal hygiene items, and that the lighting was dim. Most of these conditions could not create constitutional problems under any circumstances: the eighth amendment does not require barred as opposed to solid doors, and the temperature of food is irrelevant. Prison food must be nutritious but need not be tasty. Dirt and puddles are unpleasant but not unconstitutional. Lack of hygiene items could in principle cause illness or other harm, but the complaint does not allege that this occurred. Temporary privations without concrete harm do not violate the Constitution. See Harris v. Fleming, 839 F.2d 1232 (7th Cir.1988).
 
 
 4
 Harmon's remaining contentions do not require separate discussion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The appellees did not file a brief. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. After considering appellant's position, the court adheres to its preliminary conclusion, so the appeal is submitted for decision on the briefs and record